## JOHN W. FRIEZE

### v.

## THE PEOPLE, etc.

ABSENCE OF BILL OF EXCEPTIONS.—What purports to be a bill of exceptions is attached to the record in this case, but it is not certified by the clerk as a part of the record. The court is thus precluded from a consideration of most of the matters urged by plaintiff in error.

ERROR to the County Court of Pope county; the Hon. DANIEL M. BROWNING, Judge, presiding. Opinion filed April 13, 1883

Mr. J. F. TAYLOR, for plaintiff in error; that the affidavit containing all the requirements of the statute and the evidence being shown to be material, the court should have granted a continuance, cited Wray v. The People, 78 Ill. 212; Cawley v. The People, 80 Ill. 236; Sprague v. Heaps, 7 Bradwell, 447; Switzer v. Lottenville, 4 Bradwell, 219.

As to the practice of making distinct and separate statements of the same offense in an indictment: Curtis v. The People, Breeze, 256; Townsend v. The People, 3 Scam. 326; McGregg v. State, 4 Blackf. 101; U. S. v. Pirates, 5 Wheat. 201.

Evidence of another crime than the one charged is not allowed to be given in evidence: Burton v. State, 18 Ohio, 221; Cole v. Commonwealth, 5 Grat. 696; Reg v. Butler, 2 C. & K. 221; State v. Martin, 34 Miss. 85; Commonwealth v. Campbell, 7 Allen, 541; U. S. v. Mitchell, 2 Dall. 357.

Where there is a variance between the verdict and indictment, the judgment will be reversed: Millian v. The People, 6 Bradwell, 537; Fanning v. N. W. Mut. Life Ins. Co., 6 Bradwell, 536.

Belief must be based on the evidence: Champion Iron Fence Co. v. Bradley, 10 Bradwell, 328; Parker v. Fisher, 39 Ill. 164.

Instructions must be relevant to the case: Harnit v. Thompson, 46 Ill. 460; Etting v. Bank U. S., 11 Wheat. 59; Bullock v. Narrot, 49 Ill. 62.

Where there is a conflict of evidence, instructions should be clear, accurate and perspicuous: Volk v. Roche, 70 Ill. 297; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Chapin v. Thompson, 7 Bradwell, 288; Goodkind v. Rogan, 8 Bradwell, 413; Keys v. Fuller, 7 Bradwell, 528; Adams v. Smith, 58 Ill. 417; Cushman v. Cogswell, 86 Ill. 62.

An improper instruction is not cured by others which state the law correctly: Wabash Co. v. Henks, 91 Ill. 408; O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356.

Mr. JAMES A. ROSE, for defendant in error; as to a motion to quash indictment, cited Keedy v. The People, 85 Ill. 569.

As to continuance: Birks v. Houston, 63 Ill. 77; Steele v. The People, 45 Ill. 152; Shook v. Thomas, 21 Ill. 87; McConnel v. Johnson, 2 Scam. 528; Moore's Criminal Law, 62.

As to form of verdict: Davis v. The People, 50 Ill. 200; Armstrong v. The People, 37 Ill. 459; Bond v. The People, 39 Ill. 26.

As to evidence: Creote v. Wily, 83 Ill. 444; Eastman v. The People, 93 Ill. 112; Gainey v. The People, 97 Ill. 270; Rodgers v. The People, 98 Ill. 581.

PER CURIAM. The principal errors assigned upon this

record seek to question various supposed rulings of the trial court overruling a motion for a continuance of the case, admitting and refusing to admit testimony, and giving and refusing instructions. These matters should have been preserved in a bill of exceptions and filed in the county court and made a part of its record. There is what purports to be a bill of exceptions attached to the record, but it is not certified by the clerk as a part of the record.

We are thus precluded from a consideration of most of the matters urged by plaintiff in error.

The judgment is affirmed.